Tamsen L. Leachman, Bar No. 5697
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR 97201
Telephone:  503.552.2140
Facsimile:  503.224.4518

Attorneys for Defendants KEYBANK, and
KEYBANK NATIONAL ASSOCIATION

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN WARDLE,<br><br>   Plaintiff,<br><br>vs.<br><br>KEYBANK, and KEYBANK NATIONAL ASSOCIATION,<br><br>   Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>Pursuant to 28 U.S.C. § 1331<br><br>(District Court of the Fourth Judicial District, County of Ada Case No. CV01-18-14160) |

TO: The Judges and the Clerk of the United States District Court for the District of Idaho:

PLEASE TAKE NOTICE that Defendants KeyBank, and KeyBank National Association ("Defendants") remove this action to this Court from the Fourth District Court of the State of Idaho for the County of Ada, pursuant to 28 U.S.C. §§ 1331, and 1441(a), and the procedure prescribed in 28 U.S.C. § 1446.  Removal is proper based on the following grounds:

DEFENDANTS' NOTICE OF REMOVAL - 1

## BACKGROUND

1. On or about August 1, 2018, Plaintiff Brian Wardle commenced this civil action against Defendants in the Fourth Judicial District Court of the State of Idaho for the County of Ida by filing a Complaint therein entitled, *Brian Wardle v. KeyBank, and KeyBank National Association*, Case No. CV01-18-14160. *See* concurrently-filed Declaration of Tamsen L. Leachman in Support of Defendants' Notice of Removal ("Leachman Decl."), Exhibits 1 (Complaint) and 2 (Register of Action printout for Ada County District Court).

2. On or about August 7, 2018, the Summons and Complaint were personally served on Defendants. Leachman Decl., Exhibits 3 (Affidavits of Service). Accordingly, the deadline for Defendants to respond to and/or remove this action has not expired since receipt by Defendants of a copy of the Complaint.

3. The above-described pleadings constitute all of the process, pleadings, and orders served on any party in the state court action. Leachman Decl., ¶ 7. Defendants have not entered, appeared, or voluntarily invoked or submitted to the jurisdiction of the Fourth District Court for the State of Idaho for the County of Ada in any manner.

## DIVERSITY OF CITIZENSHIP

4. There is complete diversity between Plaintiff and Defendants because, as set forth further below, Plaintiff is a citizen of Idaho and Defendant KeyBank National Association has its principle place of business in Ohio, and Defendant KeyBank is merely an Assumed Business Name for KeyBank National Association, hence it has no principle place of business. Leachman Dec., ¶¶ 8-9.

5. Plaintiff was employed by Defendant KeyBank National Association in Idaho and upon information and belief, is a citizen of Idaho. *See also* Compl., ¶ 1. For diversity of citizenship purposes, a person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit

is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Upon information and belief, at the time his lawsuit was filed, Plaintiff was a citizen of Idaho.

6. Defendant KeyBank National Association is, unquestionably a citizen of Ohio because it has its principle place of business there. *See,* Leachman Dec., Exhibit 5. Additionally, Defendant KeyBank is not an entity, but is instead an Assumed Business Name for KeyBank National Association and thus is also a citizen of Ohio. *See,* Leachman Dec., Exhibit 6. For purposes of diversity jurisdiction, a national bank is "located" where it maintains its "main office"; its location is **not** determined by the state(s) where it maintains branches. 28 U.S.C.A. § 1348. Since 1943, the Ninth Circuit has recognized that a national bank is a citizen of the state where it has its principal place of business. *American Surety Co. v. Bank of California*, 133 F.2d 160, 162 (9th Cir. 1943). Defendants are, therefore, citizens of the state of Ohio, pursuant to 28 U.S.C. § 1332(c) and thereby complete diversity is established.

## AMOUNT IN CONTROVERSY

7. The above-described action is a civil action that may be removed from the state court under 28 U.S.C. §§ 1332, 1441(a) and 1446 because the matter in controversy exceeds $75,000, exclusive of interests and costs. In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Sec. Pac. Fin'l Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

Here, the amount in controversy is in excess of $100,000.  Compl. Prayer for Relief, ¶ 1.  Given this, the asserted amount in controversy is well in excess of the $75,000 threshold to establish diversity jurisdiction.[1]

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

8. As set forth above, this removal is timely filed within 30 days of service pursuant to 28 U.S.C. § 1446(b)(1).

9. This case is properly removed to this Court because it is the federal district court for the district and division where the above-described Ada County case is pending.  *See* 28 U.S.C. § 1441(a).

10. Pursuant to 28 U.S.C. §1446(d), Defendants will promptly file a notice of removal, including a complete copy of the original Notice of Removal and all supporting exhibits attached thereto, with the Clerk of the Court at the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada Court, informing the court that this matter has been removed to federal court.

11. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is also being served upon Plaintiff.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this case be removed from the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, to this

---

[1] This Court may consider whether it is facially apparent from the Complaint that it is more likely than not that the jurisdictional amount of $75,000 is in controversy.  *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996).

Court.  Defendants reserve, and do not waive, any objections they may have to jurisdiction, venue, and any and all other defenses or objections to the action.

DATED THIS 28th day of August, 2018.

          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: *s/Tamsen L. Leachman*
    Tamsen L. Leachman, Bar No. 5697
    Attorneys for Defendants KEYBANK, and
    KEYBANK NATIONAL ASSOCIATION

## CERTIFICATE OF SERVICE

I hereby certify that on **August 28, 2018,** I served the foregoing **DEFENDANTS' NOTICE OF REMOVAL** on:

Chip Giles
Giles & Thompson Law, PLLC
350 N. 9th Street, Suite 500
Boise, ID 83702
chip@gtidaholaw.com

*Attorney for Plaintiff*

☐ by **electronic** means through the Court's ECF filing system.

■ by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed above. It was contained in a sealed envelope and addressed as stated above.

☐ by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed above. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐ by **e-mailing** a true and correct copy to the last known email address of each person listed above.

Dated: August 28, 2018.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  s/Susan Hunter
Susan Hunter, Practice Assistant
susan.hunter@ogletree.com

35384013.1