Case 1:18-cv-00382-EJL   Document 2-1   Filed 08/28/18   Page 1 of 4

Electronically Filed
8/1/2018 1:38 PM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Katee Hysell, Deputy Clerk

**Chip Giles, ISB # 9135**
**GILES & THOMPSON LAW, PLLC**
350 N. 9th Street, Suite 500
Boise, ID 83702
Telephone: (208) 342-7880
Facsimile: (208) 947-2424
*chip@gtidaholaw.com*

**Attorneys for Plaintiff, Brian Wardle**

# IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| BRIAN WARDLE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KEYBANK, and KEYBANK NATIONAL ASSOCIATION,<br><br>　　　　　Defendants. | Case No. CV01-18-14160<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

　　　Plaintiff, Brian Wardle, ("Plaintiff") by and through his attorney of record, Chip Giles of Giles & Thompson Law, PLLC, hereby complains against Defendants KeyBank and KeyBank National Association ("Defendants") as follows:

## NATURE OF THE CLAIMS

　　　This suit is brought by Plaintiff, a former employee of Defendant, under the Idaho Wage Claim Act ("Wage Act"), Idaho Code § 45-601 et seq., for Defendant's denial of Plaintiff's earned commission due and payable as a wage and provided for in his employment contract with Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

**EXHIBIT 1**

## PARTIES

1. Plaintiff at all times herein mentioned was a resident of Ada County, Idaho.

2. Defendant at all times herein mentioned has been, and presently is, operating its Financial Institution in Boise, Idaho at 702 W. Idaho Street, Boise, ID 83704.

## JURISDICTION, VENUE AND NOTICE

3. The Court has subject matter jurisdiction and personal jurisdiction over Defendant pursuant to Idaho Code § 5-514.

4. Venue is proper with this Court as Ada County is the County in which the cause of action arose pursuant to Idaho Code § 5-404.

5. The amount in controversy exceeds the jurisdictional limit amount of ten thousand dollars ($10,000).

## GENERAL ALLEGATIONS

6. Plaintiff began his employment with Defendant on January 9, 2017 as a mortgage loan officer.

7. During his employment at KeyBank, Plaintiff was a valuable employee, and created and maintained a successful book of business.

8. Pursuant to his employment agreement with Defendant, Plaintiff was provided a base salary, and a tier-based commission calculated as a percentage of the volume of mortgages closed.

9. Plaintiff was terminated from his employment with Defendant on May 29, 2018.

10. Defendant failed to pay Defendant his hourly wage of $15.00 for the eight hour shift he worked on May 29, 2018 the day he was terminated.

11.     Upon termination, Defendant also failed to pay Plaintiff $16,158.00 in earned commissions due and owing to Plaintiff.

12.     Defendant also failed to compensate Plaintiff for his accrued PTO in the amount of 12 work days at $15.00 per hour for a total of $1,440.00.

## COUNT ONE

**(Violation of Idaho Code § 45-601 *et seq.*)**

13.     Plaintiff hereby realleges the allegations contained in Paragraphs 1 through 14 as set forth above and incorporates the same herein by reference.

14.     At all times herein mentioned, Defendant was and now is an employer within the meaning of the Idaho Wage Claims Act, Idaho Code § 45-601.

15.     At all times herein mentioned prior and until May 29th, 2018 Plaintiff was employed by Defendant and was an employee within the meaning of the Idaho Wage Claims Act, Idaho Code § 45-601.

16.     The commission agreed to by contract between Plaintiff and Defendant all fall within the definition of "wages" as found in the Idaho Wage Claims Act, Idaho Code § 45-601.

17.     Defendant's denial of Plaintiff's wages constitutes a violation of the Idaho Wage Claims Act, Idaho Code § 45-601, *et. seq.*

18.     As a direct result of Defendant's wrongful conduct, Plaintiff is entitled to recover his commissions earned in full, any and all wages and sums due and owing, including treble damages as provided by the Idaho Wage Claims Act, Idaho Code § 45-615.

19.     Plaintiff is further entitled to recover his costs and attorney fees incurred in prosecuting this action pursuant to Idaho Code §§§12-120(3), 12-121 and 45-615.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

**EXHIBIT 1**

20.     Plaintiff hereby reserves this paragraph for the inclusion of a claim for punitive damages pursuant to Idaho Code § 6-1604.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment, Order and Decree of this Court as follows:

1.     For judgment of the court awarding Plaintiff damages in excess of $100,000.00 incurred as a result of Defendant's violation of the Idaho Wage Claim Act.

2.     For an award of treble damages pursuant to Idaho Code § 45-615(2).

3.     For prejudgment interest on all damages recovered at the rate set forth within Idaho Code § 28-22-104.

4.     For Plaintiff's reasonable attorney fees and costs incurred in prosecuting this action, pursuant to Idaho Code §§ 12-120, 12-121, 45-615 and 42 U.S.C. § 2000e-5(k).

5.     For such other and further relief as court deems just and necessary.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Idaho Rule of Civil Procedure 38.

DATED this ____1st____ day of August, 2018.

                                    GILES & THOMPSON LAW, PLLC

                                    By_____
                                        Chip Giles
                                        Attorneys for Plaintiff